(64 App. Div. 511.)

MINER et al. v. BLUME et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1901.)

SALES—DELAY IN DELIVERY—DAMAGES—ACTION.

Plaintiffs contracted to sell a piece of machinery, to be delivered by them on board a vessel, and they purchased such machinery of defendants. In an action for damages for delay in delivery, plaintiffs' bill of particulars demanded a sum for demurrage of the vessel. Defendants did not deny that they knew the machinery was to be delivered on the boat, and that it was held for that purpose, and evidence as to the damages by reason of the demurrage was received without objection. *Held*, that an award of damages for the demurrage would be sustained.

Hirschberg, J., dissenting.

Appeal from municipal court, borough of Brooklyn.

Action by Elwin R. Miner and others against Henry Blume and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

David Spiro, for appellants.

Willard U. Taylor, for respondents.

WOODWARD, J. The plaintiffs in this action are copartners, and in the course of their business as dealers in machinery entered into a contract with the defendants for the purchase of a certain hoisting engine and boiler, which the plaintiffs, to the knowledge of the defendants, had agreed to deliver to a customer on a certain day on board a vessel which was held for the purpose of receiving such engine and boiler. The defendants accepted the check of a third party in payment, and delivered to the plaintiffs an order upon the watchman having the property in charge for the delivery of the same, stating that this would be sufficient to enable the plaintiffs to secure the same. The latter hired a truckman, went to the place designated, and was refused possession of the property. After about one week's delay the engine and boiler were delivered on board the boat, and this action was brought to recover for the time and money spent by the plaintiffs in getting possession of their property, as well as for the expense of keeping the vessel in waiting, which had cost them $24 per day. Upon the trial the learned court appears to have disregard-

ed the claim of the plaintiffs for time spent in the transaction, but allowed for the cost of keeping the vessel, and for the money actually expended in telegraphing, street car fares, etc.; and from the judgment entered defendants appeal to this court.

The pleadings were verbal. The plaintiffs complained of breach of contract, and the defendants appeared, making a general denial, and asking for a bill of particulars. This was ordered, and the bill of particulars was served, in which, as a part of the damages, is set forth the following item: "Demurrage of vessel held in waiting until title to property could be effected by the defendants, 7 days, at $24 per day, $168." Assuming that the bill of particulars demanded and served after the general denial is within the denial, there was evidence upon the trial that this boat was held for seven days, and that the value of the use of this boat was $24 per day, and this evidence was received without objection. The theory on which the case was tried was that there was no original liability, and, so far as the record discloses, there was no question raised as to the liability for the demurrage if there was liability for a breach of the contract to deliver the goods to the plaintiffs. There was no denial by the defendants that they knew the engine was to be delivered on board the boat, and that it was held for this purpose; and, evidence being given without objection as to the damages sustained by reason of the boat being held, would seem to be conclusive upon the defendants upon this point. The case, in so far as this feature is concerned, appears to have proceeded upon this theory, and I am of opinion that it is within the authority of Booth v. Mill Co., 60 N. Y. 487, though lacking, perhaps, in the direct evidence upon the point. We think no material error was committed by the court.

The judgment appealed from should be affirmed, with costs. All concur, except HIRSCHBERG, J., who dissents.

HIRSCHBERG, J. I dissent from the conclusion reached in this case by the majority of the court. The plaintiffs have recovered a judgment for damages for the breach of a contract of purchase of an engine and boiler, to be delivered for transportation upon a vessel, the damages arising from a delay of seven days in the delivery of the articles. The judgment recovered amounts to the sum of $183, and, while there are four items in the plaintiffs' bill of particulars, the recovery appears to have been made up from two of such items only, viz. one representing the actual expense incurred by the plaintiffs in the delay, amounting to $15; and the other being for demurrage in the detention of the vessel, seven days, at $24 per day, amounting to $168. It therefore appears that almost the entire claim is made up of the item of demurrage. It is stated in the prevailing opinion that the property was to be delivered to a customer of the plaintiffs "on a certain day on board a vessel which was held for the purpose of receiving such engine and boiler." The inference is, from the language of the opinion, that these facts were known to the defendants. The defendants did know that the engine and boiler were to be delivered to a customer on a certain day on board a vessel, but there is no evidence whatever in the case that they knew that the vessel

was to be held for the purpose of receiving them. Nobody testifies to it, and there are no facts in the case from which such an inference may be drawn. The complaint was oral, and alleged only damages for a breach of contract. In the absence of any proof tending to show that the defendants knew that a failure to deliver the property would entail special damages upon the plaintiffs for the demurrage, and in the absence of any claim in the complaint of such special damage, the recovery of this large sum is manifestly unjust and illegal. There is nothing to the contrary in the case of Booth v. Mill Co., 60 N. Y. 487, the only authority cited in the prevailing opinion. It is true there was no denial by the defendants that they knew that the boat was to be held for the purpose of receiving the property, but I know of no rule of law which requires the defendants to deny a fact which is not proved and not pleaded. The evidence of the amount of demurrage was received without objection, but that fact does not prevent this court from doing justice in the case, because the evidence of the defendants' knowledge might have been supplied afterwards by the plaintiffs.